**George S. HALL, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 77–1928.

United States Court of Appeals, Fifth Circuit.

May 23, 1979.

George S. Hall, pro se.

Richard E. Knowles, Taunton, Mass., for petitioner-appellant.

Myron C. Baum, Acting Asst. Atty. Gen., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Appellate Section, Gary R. Allen, U. S. Dept. of Justice, Meade

Whitaker, Chief Counsel, I. R. S., James S. Maxwell, Atty., Tax Div., Dept. of Justice, Leon G. Wigrizer, Acting Chief Counsel, I. R. S., Ernest J. Brown, Atty., Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before GODBOLD, Circuit Judge, SKELTON *, Senior Judge, and RUBIN, Circuit Judge.

PER CURIAM:

This is an appeal from a judgment of the United States Tax Court in consolidated Docket Nos. 4665–73, 3521–74 and 4514–74 in which George S. Hall was the Petitioner and the Commissioner of Internal Revenue was the Respondent. The case was tried before the Honorable Charles R. Simpson, Judge of the United States Tax Court, who filed his Findings of Fact and Opinion on September 30, 1976, and the final Decision of the Court on January 27, 1977, showing the income tax deficiencies due by the Petitioner to the United States. The Government has conceded in its brief that the Commissioner erroneously taxed as gain on the sale of the property at 26 Pleasant Street the depreciation claimed by Mr. Hall in prior years in excess of his depreciable basis as follows:

"While the taxpayer himself does not otherwise challenge the computation of gain on the sale of 26 Pleasant Street property we believe that the Commissioner was in error in taxing as gain on that sale the depreciation claimed by taxpayer in prior years in excess of his depreciable basis therein. See the computation in Tax Court's opinion (R. 54). Essentially, taxpayer was assigned a 'negative basis' contrary to the long-standing position of the Internal Revenue Service. Of course, since the Tax Court determined that taxpayer's basis was $5,000 greater than determined by the Commissioner, only $1,600 of the $6,600 included by the Commissioner was actually in excess of tax-

payer's depreciable basis. (The remaining $5,000 would serve, under Section 1016 of the Code, to reduce the additional $5,000 basis determined by the Tax Court to zero.) We now concede that taxpayer's gain cannot exceed the amount realized by him on the sale—i. e. the gross sales price less his selling expenses as determined by the Tax Court. Accordingly, we request that the case be remanded to the Tax Court for the limited purpose of recomputing taxpayer's gain on the transaction on this basis."

Consequently, the case is remanded to the Tax Court for the purpose of recomputing Mr. Hall's gain on this transaction. We have carefully reviewed item by item all of the other Findings of Fact and Conclusions of Law made by Judge Simpson and have concluded that they were conscientiously and painstakingly made by him after a thorough investigation, and that they are fully supported by substantial evidence.

Accordingly, the decision of the United States Tax Court is affirmed as to all items involved, except the gain on the sale of the 26 Pleasant Street, and the case is remanded to the Tax Court for a recomputation of that item alone.

AFFIRMED IN PART and REMANDED IN PART.