T.C. Memo. 1996-20


UNITED STATES TAX COURT


YOUSEF ROUZMEHR, Petitioner $\underline{v}$. COMMISSIONER OF
INTERNAL REVENUE, Respondent


Docket No. 19802-94.                    Filed January 23, 1996.


Glenn Abel, for petitioner.

Michelle Ferreira, for respondent.


MEMORANDUM OPINION

PARR, Judge:  Respondent determined a deficiency in
petitioner's Federal income tax for 1989 in the amount of
$20,400, and a penalty under section 6662[1] in the amount of
$4,080.  After mutual concessions, which the parties have

---

[1]  All section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

stipulated, the only remaining issue for trial is whether petitioner is liable for an accuracy-related penalty under section 6662. The parties filed a stipulation of settled issues showing that petitioner failed to report a State tax refund of $235; interest income of $736; and net gambling income of $27,407. The parties also stipulated agreed adjustments to Schedule C of petitioner's income tax return as follows:

| Description | Per return | Agreed adjustment to return | Agreed total |
|---|---|---|---|
| Gross Receipts | $23,960 | $80,902 | $104,862 |
| Less: Cost of Sales | 25,881 | 47,143 | 73,024 |
| Gross Income | (1,921) | 33,759 | 31,838 |

Petitioner had deducted Schedule C expenses of $17,237. The parties agree to an adjustment of $6,576, or total Schedule C expenses in the amount of $10,661. These agreements result in net Schedule C income in the amount of $21,177 (i.e., $31,838-$10,661), as opposed to a loss of $19,158 claimed on the return. There will also be an automatic adjustment to self-employment tax, which will be computed mathematically.

Some of the facts have been stipulated and are so found. The stipulation and attached exhibits are incorporated herein by this reference. At the time of filing the petition herein, petitioner resided in San Jose, California.

Petitioner was born May 5, 1957, in Tabriz, Iran. He attended but did not complete college in the United States and became a permanent resident in 1984. Since that time he has been employed as an engineer.

In mid-1988 petitioner started a business called ESTI Memory International (EMI). Petitioner's father died in 1989; his mother still lives in Iran.

Although petitioner did keep some records (as shown by respondent's concessions), his books and records were not adequate to determine his correct income. Therefore, respondent performed a bank deposits analysis on petitioner's business checking account. The use of the bank deposits method for computing income has long been sanctioned by this Court. Clayton v. Commissioner, 102 T.C. 632, 647 (1994); DiLeo v. Commissioner, 96 T.C. 858, 867 (1991), affd. 959 F.2d 16 (2d Cir. 1992). This analysis revealed excess deposits in the amount of $80,902, which respondent identified and attributed to unreported Schedule C gross receipts.

The stipulations show that petitioner failed to report net gambling income, interest income, and a State tax refund totaling $28,378. He underreported Schedule C income by $40,335 (by claiming a loss of $19,158 instead of positive net income of $21,177). He also failed to pay self-employment tax.

Petitioner's return was prepared by Mr. Hassan G. Aslanpour, an Iranian who was recommended to petitioner by friends. Mr. Aslanpour was not called by either party, although respondent had listed him as a witness. Respondent stated that she had decided not to call him because he had no memory of the return and no records of it. Mr. Aslanpour apparently did not give petitioner a copy of his return; the copy in evidence came from respondent's files.

At trial petitioner stated that the Schedule C attached to his return does not bear the name of his company and has no relationship to his income and expenses. He also said he had never seen this Schedule C before. However, petitioner did sign his Form 1040, and the loss shown on line 30 of Schedule C is reflected on page 1 of the Form 1040, line 12. It appears, however, that Mr. Aslanpour did create the Schedule C out of whole cloth, with the prime purpose of showing a loss.

During the course of the audit, which first involved a revenue agent and later an Appeals officer, petitioner was represented at various times by at

least three knowledgeable people, two of whom were C.P.A.'s and one of whom was a former Internal Revenue Service (IRS) agent. Petitioner claims that each of these individuals told him to lie about certain aspects of his return. For instance, at trial he claimed, contrary to the stipulation of settled issues, that the funds he expended in gambling were not receipts from his business but an inheritance from his father. This was the first time petitioner had raised this claim, and we held him to his stipulation, which he had agreed to while represented by a C.P.A. and with full knowledge and acquiescence. Rule 91(e) provides:

> A stipulation shall be treated, to the extent
> of its terms, as a conclusive admission by the parties to the
> stipulation * * *. The Court will not permit a party to a
> stipulation to qualify, change, or contradict a stipulation in
> whole or in part, except that it may do so where justice requires.
> * * *

To allow petitioner at this late date to contradict his stipulation, without any warning or advance notice to respondent or to the Court, would be highly prejudicial to respondent, and we exercise our discretion to hold petitioner to his stipulation.

Petitioner also claimed that he questioned his return preparer about showing a loss from his Schedule C business, because he knew at the time he filed his petition that the business had made money. However, he signed the return as it was because, according to him, the preparer told him the IRS would not audit the return.

Section 6662(a) imposes a 20-percent addition on the amount of underpayment due to negligence or disregard of rules and regulations. "Negligence" includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 1.6662-3(b), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Marcello v. Commissioner, 380 F.2d 499 (5th Cir. 1967), affg. in part and remanding in

part 43 T.C. 168 (1964) and T.C. Memo. 1964-299; sec. 1.6662-3(b), Income Tax Regs.

Petitioner has the burden of proving that respondent's determination with regard to negligence is erroneous. Marcello v. Commissioner, supra at 506; Murphy v. Commissioner, 103 T.C. 111 (1994).

A taxpayer cannot avoid his duty to file accurate returns simply by shifting responsibility to his agents. Pritchett v. Commissioner, 63 T.C. 149, 159 (1974). The ultimate responsibility for a correct return lies with the taxpayer, who must furnish the necessary information to his agent who prepared the return. Enoch v. Commissioner, 57 T.C. 781 (1972). Petitioner has been in this country for more than 10 years, attended college here, and is doing business here. He has a responsibility and a duty to comply with the income tax laws and to familiarize himself with them. We thus find and hold that petitioner is liable for the penalty for negligence.

To reflect the foregoing,

Decision will be entered

under Rule 155.