T.C. Memo. 1997-91

UNITED STATES TAX COURT

DOUGLAS E. KAHLE AND BARBARA W. KAHLE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19713-94.                    Filed February 20, 1997.

<u>Douglas E. Kahle</u>, for petitioners.

<u>Veena Luthra</u>, for respondent.

MEMORANDUM OPINION

TANNENWALD, <u>Judge</u>:  Respondent determined a deficiency in
petitioners' Federal income tax for the taxable year 1991 in the
amount of $36,783.00, as well as an addition to tax under section
6651(a)(1)[1] in the amount of $8,819.75 and an accuracy-

_____

    [1]  Unless otherwise indicated, all section references are to
                                                (continued...)

related penalty under section 6662(d) in the amount of $7,359.60. The deficiency results from the disallowance of the carryover of a net operating loss (NOL) of petitioner husband Douglas E. Kahle (Mr. Kahle) from the 1990 taxable year. The issue for decision in this case is whether petitioners may use the NOL to reduce income in the year in which petitioners filed for personal bankruptcy. Based on our decision with regard to this issue, we will have to decide whether petitioners are liable for the addition to tax for delinquent filing and an accuracy-related penalty for substantial understatement of tax liability.

## Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference and found accordingly.

Petitioners are married individuals filing jointly, and resided, at the time the petition in this case was filed, in Virginia Beach, Virginia. Their 1991 return was filed delinquently on April 9, 1993, with the Internal Revenue Service at Norfolk, Virginia.

On December 6, 1991, Mr. Kahle filed a voluntary bankruptcy petition under chapter 7 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court, Eastern District of Virginia, Newport News

---

[1](...continued)
the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Division.  He reported total liabilities in the amount of $84,261,186.38, which he shared in part with various codebtors. On March 18, 1992, he received a discharge from the Bankruptcy Court of the total amount of the $84,261,186.38 debt.

Mr. Kahle had an NOL for the taxable year 1990.  He did not make a election pursuant to section 1398(d)(2) to adopt a short taxable year ending on the date before the commencement date of the bankruptcy.  On their 1991 return, petitioners claimed they should be allowed to utilize Mr. Kahle's 1990 NOL, a claim which respondent has disallowed.

Statutory Framework

A bankruptcy estate is created in a voluntary case upon the filing of the petition of bankruptcy.  Bankruptcy Code, 11 U.S.C. secs. 301, 542 (1978).  At that time, certain tax attributes, including any NOL's, determined as of the first day of the debtor-taxpayer's taxable year in which the bankruptcy case commences, become part of the estate, and no longer belong to the debtor-taxpayer.  Sec. 1398(g).

If the debtor-taxpayer makes an election under section 1398(d) to adopt a short taxable year ending on the date before the commencement of the bankruptcy case, he or she may use an NOL to reduce his or her income earned during that short taxable year, and only any unused portion of the NOL becomes part of the bankruptcy estate.  Sec. 1398(d)(2).

Any remaining NOL belonging to the estate will be returned to the debtor-taxpayer after the discharge in bankruptcy and termination of the estate.  Sec. 1398(i).  The debtor is then free to use the NOL as a carryforward, section 1398(i), or carryback, as long as the NOL arose before the commencement of the bankruptcy case, section 1398(j)(2)(B).

Section 108(a) provides that debt discharged in bankruptcy is not includable in gross income.  Section 108(b)(1) provides in turn that, upon discharge, the taxpayer must reduce any tax attributes by the amount of the debt discharged.  Section 108(b)(2) provides that NOL's are the first attribute to be reduced, and section 108(b)(3) provides that they be reduced dollar-for-dollar by the amount of the debt discharged in the bankruptcy.  Section 108(b)(4)(A) provides that the reduction is made "after the determination of the tax imposed by this chapter for the taxable year of the discharge."  In the alternative, the taxpayer can elect under section 108(b)(5) to first reduce the basis of any depreciable property by the amount of debt discharged, before reducing the amount of any tax attributes.  Importantly, section 108(d)(8) clarifies that the "taxpayer" for purposes of section 108(b)(1) and (5) is the bankruptcy estate, and not the individual debtor.

<u>Discussion</u>

Petitioners argue that, even though they did not make the short-taxable-year election under section 1398(d)(2), they should be allowed to use the 1990 NOL in the year of discharge first to reduce their 1991 income, <u>before</u> the inevitable reduction by the amount of the discharge. They base this argument on their interpretation of section 108(b)(4) and section 108(d)(8). Section 108(d)(8), which specifies the estate as the taxpayer, does not specifically refer to the ordering rule of section 108(b)(4) and confines such reference to paragraphs (1) and (5) of subsection (b) of section 108. Thus, according to petitioners, the reductions under section 108(b) occur after the <u>individual</u> taxpayer, not the estate, determines his or her tax liability for the year of discharge pursuant to section 108(b)(4), using whatever tax attributes are left in the bankruptcy estate. In other words, petitioners claim that the individual taxpayer gets one last chance to use up the NOL before it is reduced by the amount of debt discharged.

We divide our analysis into two parts.

First, we dispose of the question whether the 1990 NOL is available to petitioners as a <u>carryforward</u> to 1991. The answer to this question is clearly in the negative. Upon the filing of the petition in bankruptcy on December 6, 1991, the NOL passed to the bankrupt estate and belonged to the estate until discharge on March 18, 1992. Mr. Kahle did not file an election to adopt a short taxable year in respect of which the 1990 NOL could have

been utilized.  Thus, at the end of 1991, the 1990 NOL was not available to petitioners as a carryforward.[2]  Indeed, petitioners do not contend otherwise.

Second, we consider the question whether, as petitioners contend, the 1990 NOL was extant at the time of Mr. Kahle's discharge and became available as a carryback to 1991.  Here again, the answer is clearly in the negative.  Section 108(d)(8) applies to section 108(b)(1).  Section 108(b)(1) refers to reductions provided for in section 108(b)(2).  Thus the reduction which occurs under section 108(b) is determined by the bankrupt estate, not the individual debtor.  Section 108(d)(8) does not specifically refer to section 108(b)(4) because section 108(b)(4) does not actually refer to a taxpayer but only to the determination of tax liability.  Thus, the estate may use the tax attributes to determine its tax liability for the year of discharge, after which the tax attributes are reduced by the estate under section 108(b)(2), before being returned to the debtor-taxpayer.

Such a reading comports with the overall purpose of the statutory scheme.  It is clear from the statute that the price the debtor-taxpayer pays for not including in income the amount of the discharged debt is the surrender of certain enumerated tax attributes, as provided for in sections 108(b)(1) and 1398(g) and (i).  The legislative history confirms this view when it states:

_____

[2]  See Beery v. Commissioner, T.C. Memo. 1996-464.

> The bill provides that the debt discharge amount thus excluded from income is applied to reduce the taxpayer's net operating losses and certain other tax attributes * * *. [S. Rept. 96-1035 (1980), 1980-2 C.B. 620, 624.]

See also H. Rept. 96-833, 12 (1980).

Moreover, section 108(d)(8) was enacted at the same time as the reduction provisions of section 108(b)(1) and (2). The same Congress that wanted to reduce tax attributes as a price for tax-free debt discharge was quite aware of who would be doing the reducing--the estate, not the individual.

Finally, if petitioners were correct, the debtor-taxpayer would receive a windfall, a result which simply does not fit the statutory scheme. As the Court of Appeals for the Sixth Circuit has stated in Firsdon v. United States, 95 F.3d 444, 447 (6th Cir. 1996) (a case in which the Government prevailed on the issue involved herein):

> Section 108(b) of the I.R.C. provides that any amount excluded from gross income under § 108(a) "shall be applied to reduce the tax attributes of the taxpayer," including NOLs. The obvious reason for this provision is to prevent bankrupt debtors from procuring a double benefit from the tax laws--a tax-free cancellation of debt plus favorable tax attributes from the bankrupt estate. * * *

Petitioners do not argue that any of the 1990 NOL would remain after discharge, and in fact appear to concede on brief that the NOL ultimately would have been eliminated by operation of section 108(b)(2)(A) and (3). This concession comports with the reality of the circumstances. The NOL in question in this case was in the amount of $136,773. Mr. Kahle appears to have had liabilities of over $84 million. It is true that Mr. Kahle

shared these liabilities with various codebtors. A large number of codebtors could have reduced Mr. Kahle's share of the debt discharged. But, the discharge by the bankruptcy court did not list so many codebtors as to make it likely that, in the end, Mr. Kahle's share of the liability ultimately discharged could have been less than the amount of the NOL, so that some portion of the NOL would have been returned unused to him. In addition, there is no evidence in the record that there was any depreciable property in the bankruptcy estate in respect of which an election under section 108(b)(5) was made, nor did petitioners offer any evidence that the basis of any such property could have been reduced by the discharge of debt under section 108(b)(5) in place of a reduction of the NOL. In any event, the burden was on petitioners to prove any such ameliorating circumstances. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 114 (1933). That burden is not lessened in a fully stipulated case. Borchers v. Commissioner, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991).

In sum, we hold that the 1990 NOL was not available for use by petitioners in 1991. Firsdon v. United States, supra.

Addition to Tax and Penalty

Respondent determined an addition to tax for delinquency under section 6651(a)(1) and a penalty for substantial understatement under section 6662(d). Petitioners have the burden of proof. Rule 142(a); Tippin v. Commissioner, 104 T.C. 518, 533 (1995). Petitioners have conceded that the return for

the year at issue was filed delinquently and have offered no other evidence on the issue of the addition to tax and penalty, which they did not address on brief.  Accordingly, we sustain respondent's determinations.  <u>Tippin v. Commissioner</u>, <u>supra</u>; <u>Murphy v. Commissioner</u>, 103 T.C. 111, 119 (1994).

<u>Decision will be entered</u>

<u>for respondent</u>.